Battle, J.
 

 It is apparent, to us, that the judgment of the jSuperior Court is erroneous, and must be reversed. The error seems to have arisen from the Judge in the Court below having treated the writ of
 
 racorclari,
 
 in this case, as an attempted substitute for an appeal. It could be so treated, only, when the party had been improperly deprived of his right of appeal, or had lost it by accident or mistake, without any default on his part. There is no allegation of facts, lhade in the. petition, upon which the application for the writ was founded, that the petitioner ever applied to the magistrate to be allowed, an appeal, or that he was prevented from appealing by the misconduct or fraud of the opposite party. The petitioner has not stated any case which entitled him to have his cause placed upon the trial docket of the Superior Court as upon an appeal. The real ground of complaint, as set forth in the petition is, that the magistrate,
 
 “
 
 from not understanding his duty, in the premises, and the proper form of proceedings in such cases, had rendered a judgment against him which is false and erroneous.” This is one of the cases, then, in which the
 
 reaordari
 
 has been applied for, to be used as a writ of false judgment; and that it may be so used, in this State, cannot be doubted. See
 
 Parker
 
 v.
 
 Gilreath,
 
 6 Ire. Rep. 221, and
 
 Hartsfield
 
 v.
 
 Jones,
 
 (ante, 309). Such being the nature of the cause, the affidavits taken in it, were unnecessary, as they eould not properly be considered in the Superior Court. In that Court, the plaint, as recorded by the magistrate, was the only subject for review, and upon such
 
 *414
 
 review, tlie judgment ought to have been affirmed, if right, or reversed, if erroneous. 3 Bouvier’s Inst. 560. That it was erroneous, and ought to have been reversed, cannot admit of a doubt. The warrant was against the defendant as administrator, and the judgment was rendered against him individually, which was clearly wrong.
 
 Shearin
 
 v.
 
 Neville,
 
 1 Dev. and Bat. Rep. 3. The order of the Superior Court dismissing the petition, and the judgment given thereupon against the defendant and his sureties, are erroneous, and must be reversed, and this must be certified to the said Court, to the end, that the judgment rendered by the justice, out of Court, may be there reversed.
 

 The counsel for the defendant contends, that a judgment of reversal simply, is the only judgment which that Court can give, and-for this, he- cites several authorities. In 2 Bac. Ah. page 503, it is said that, <cif a judgment be given against the defendant, and he bring a writ of error, upon which the judgment is reversed, the judgment shall only be
 
 quod judiciwm reversetar,
 
 for the writ of error is brought to be eased and discharged from that judgment.” See also 6 Com. Dig. Tit. Pleader; 3 B. 20, page 465 ; 3 Bouv. Inst. 554. That such is the general rule, may be true, but we think, under the peculiar circumstances of this case, the Court may go further, and order-the cause to stand on the docket, with permission to the defendant to plead any plea relative to his assets, which could be pleaded, had the suit been instituted returnable to the said Court. The peculiar circumstances to which w© refer, arise from the provisions of the law, in relation to warrants against a party who is an executor or administrator, and the action of the magistrate with reference thereto in the present case. The Act of 1828, (1 Rev. Stat. chap. 46, sec. 24, 25 ; Revised Code, ch. 46, Sec. 34, 35,) directs that when any executor or administrator shall be warranted for any demand against his testator, or intestate, before the expiration of nine calendar months from the time of his qualification, it shall be the duty of the magistrate to postpone the trial, by an endorsement on the warrant, to a period beyond that time. If on the trial,
 
 *415
 
 the executor, or administrator wishes to avail himself of the want of assets, he must suggest it to the magistrate, to be by him endorsed on the warrant, who may thereupon ascertain the jiigtice of the claim, and give judgment therefor, and then return the warrant with the endorsement and the judgment, to the first term of the county court, where the defendant may enter such plea as he may think necessary relative to his assets. Some such purpose, we must supj>ose, the magistrate had in view when, after giving judgment against the defendant, he made the entry: “ The defendant pleads nine months stay of this judgment.” This could hot have been intended for a'mere stay of execution, for that could not have been pleaded at all, much less by the defendant. It could have been granted only at the instance, or by the permission of the plaintiff. .The only plea, or thing in the nature of a plea, which the law authorised, was a suggestion by the defendant of a ymnt of assets. That plea could not be tried by the magistrate, and it would be. useless, therefore, to let the case go back to him. By this erroneous proceeding, the defendant has not yet had an opportunity of availing himself of it, and we think he has a right to do so in the Superior Court, to which the writ of
 
 reeorclavi
 
 removed the cause. On the other hand, we think the plaintiff is entitled to have his debt paid out of the assets in the hands of the defendant, should it be found that he has any. His judgment is reversed, not because it appears upon the record of the proceedings before the magistrate that he is not entitled to any judgment at all, but only because his judgment against the defendant individually, is erroneous, and the Superior Court ought, therefore, after reversing that judgment, to render a proper one in his favor, such as, under the act to which we have referred, will allow the defendant to avail himself,.by plea, of any defence he may have relative to his assets. This, we think, will be found to be sustained by the judgment of this Court in the case of
 
 Shearin v. Neville,
 
 above referred to. The judgment of the Superior Court is reversed, and'a certificate will be sent to
 
 *416
 
 that Court, to the end that the proper orders, as indicated in this opinion, may be there made.
 

 Pee Curiam. Judgment reversed.